UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES OSCAR KELLY, )
)
Plaintiff, )
) No.: 2:19-CV-009-TWP-MCLC
v. )
)
LISA ALLEN, )
)
Defendant. )

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action filed under 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion for status [Doc.9] and Plaintiff's complaint [Doc. 2], which the Court must screen pursuant to pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, Plaintiff's motion for status [Doc. 9] will be **GRANTED** to the extent that the Court will enter this memorandum opinion and the accompanying order and this action will be **DISMISSED** as the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.     ALLEGATIONS OF THE COMPLAINT

The substance of Plaintiff's complaint appears to be set forth in a grievance that Plaintiff filed with his complaint in which Plaintiff asserted that during a number of days in November 2018, Defendant Allen treated him differently from other similarly situated inmates in his job program because when the recycling department in which he works ran out of materials to be sorted, she only selected certain individuals to work during the affected days, and Plaintiff was not one of the individuals she selected, resulting in Plaintiff losing money and sentence credits [Doc. 2 p. 1–5; Doc. 2-7 p. 4–5]. Plaintiff also sets forth a number of allegations regarding Defendant Allen inducing inmates to sign contracts in violation of Tennessee Department of Correction

2

("TDOC") policy, violating other TDOC policies, embezzling money, interfering in the TRICOR recycling business, maliciously misappropriating funds, and otherwise mismanaging her job and/or misrepresenting Plaintiff's job [Doc. 2 p. 1–5]. Plaintiff seeks injunctive relief and compensatory and punitive damages [*Id.* at 5].

### III. ANALYSIS

First, the Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A state practice generally will not require strict scrutiny under this clause unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976).

Plaintiff does not suggest that he is a member of a suspect class and Plaintiff does not have "[a] . . . constitutional right to prison employment or a particular prison job," a property right to wages for his work, or a statutory right to sentence reduction credits. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); Tenn. Code Ann. § 41-1-101(b). Thus, to succeed on his equal protection claim, Plaintiff must proceed under the "class of one" theory. *Umami v. Mich. Dep't of Corrs.*, 432 F. App'x 453, 461 (6th Cir. 2011). Under this theory, which is normally not used in employment contexts because employment decisions are subjective, a plaintiff must establish that the defendant treated him differently from others similarly situated to him and that this treatment was not rationally related to a legitimate government interest. *Id.* (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 594 (2008). To be a similarly-situated person member of another class, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it.'"

3

*Umani*, 432 F. App'x at 460 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998).

First, as set forth above, the "class of one" theory generally does not apply in the employment context and Plaintiff therefore generally could not proceed under this theory, as his claims relate to his jail employment. Even if he could proceed under this theory, however, Plaintiff has not set forth facts from which the Court could plausibly infer that (1) Defendant Allen's decisions not to ask Plaintiff to work on the days set forth in the complaint were not rationally related to a legitimate government interest or (2) the prisoners who were asked to work on the days on which Plaintiff was not were similarly situated to Plaintiff in all relevant aspects. Rather, it is apparent from the totality of Plaintiff's complaint that Plaintiff alleges that Defendant Allen's mismanagement of his job program resulted in a lack of adequate work for all inmates employed in that program on the days at issue and that if a governmental business does not have enough work for all inmates, it is rational for that entity to ask only a certain number of workers to work in accordance with the legitimate government interest of saving money. As such, Plaintiff's complaint fails to state a claim upon which relief may be granted for violation of his equal protection rights.

Further, the mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *See Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994). Moreover, no other allegation in the complaint allows the Court to plausibly infer that Defendant Allen has violated Plaintiff's constitutional rights.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for status [Doc. 9] will be **GRANTED** to the extent that the Court will enter this memorandum opinion and the accompanying order and,

4

even liberally construing Plaintiff's complaint in his favor, it fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE